## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

TERRANCE QUILLEN,
    Petitioner,

    vs.

WARDEN, MARION
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:14-cv-170

Barrett, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, an inmate in state custody at the Marion Correctional Institution, has filed a
petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is
before the Court on the petition, respondent's return of writ, and petitioner's reply. (Docs. 1, 6,
9).

## I.    PROCEDURAL HISTORY

### State Trial Proceedings

On March 14, 2000, the Butler County, Ohio grand jury returned a six-count indictment
charging petitioner with five counts of rape and one count of sexual battery. (Doc. 6, Ex. 1).
After originally pleading not guilty to the charges in the indictment, petitioner withdrew his
original plea and pleaded guilty to three counts of rape. (Doc. 6, Ex. 3). The trial court accepted
petitioner's guilty plea, found him guilty, and sentenced petitioner to a total aggregate sentence
of eighteen years of imprisonment in the Ohio Department of Corrections. (Doc. 6, Ex. 4).
Petitioner was also classified as a sexual predator. (Doc. 6, Ex. 5).

### Motions for Judicial Release and Jail Time Credit

On May 14, 2002 and September 16, 2011, petitioner filed motions for judicial release,
which were denied by the trial court. (Doc. 6, Ex. 6, 9).

On July 5, 2006, petitioner filed a motion for jail-time credit through counsel. (Doc. 6, Ex. 7). The trial court granted the motion on January 3, 2007 and issued a nunc pro tunc order crediting petitioner with additional jail time credit. (Doc. 6, Ex. 8).

### Delayed Direct Appeal

On September 28, 2011, petitioner filed a pro se notice of appeal and a motion or leave to file a delayed appeal to the Ohio Court of Appeals. (Doc. 6, Ex. 10, 11). The Ohio appeals court denied his motion for leave to file a delayed appeal and dismissed the case on November 30, 2011. (Doc. 6, Ex. 12).

### Ohio Supreme Court

On March 14, 2012, petitioner filed a pro se notice of appeal and motion for leave to file a delayed appeal in the Ohio Supreme Court. (Doc. 6, Ex. 13, 14). The Ohio Supreme Court denied his motion and dismissed the case on May 9, 2012. (Doc. 6, Ex. 15).

### State Habeas Corpus

Meanwhile, on February 29, 2012, petitioner filed a pro se petition for a writ of habeas corpus in the Ohio Court of Appeals. (Doc. 6, Ex. 16). The Ohio appeals court denied the petition on April 4, 2012. (Doc. 6, Ex. 17).

On May 9, 2012, petitioner filed a pro se appeal of the denial of his state habeas corpus petition to the Ohio Supreme Court. (Doc. 6, Ex. 18). In his merit brief, petitioner raised the following single proposition of law:

> The judges of the Third District Court of Appeals abused their discretion in denying appellant's petition for habeas corpus where this Supreme Court has held: "A sentence that does not include the statutorily mandated term of post release control is void, ***and may be reviewed***by collateral attack." State v. Fischer, 128 Ohio St. 3d 92, Syllabus One.

(Doc. 6, Ex. 19 at PageID 139).  The Ohio Supreme Court affirmed the denial of his habeas

corpus petition on September 25, 2012.  (Doc. 6, Ex. 22).

### Motion to Dismiss Indictment

On March 23, 2012, petitioner filed a pro se post-conviction motion to dismiss his

indictment.  (Doc. 6, Ex. 24).  Petitioner argued that his speedy trial rights were violated and that

his sentence was void because he was not properly notified of post-release control.  On August

27, 2012, the trial court held that petitioner waived his right to challenge his conviction on

speedy trial grounds by virtue of his guilty plea, but that his post release control notification was

improper.  (Doc. 6, Ex. 27).  The court ordered that a new sentencing hearing was required,

limited to the proper imposition of post release control.

On September 7, 2012, petitioner filed a pro se notice of appeal to the Ohio Court of

Appeals from the trial court's ruling.  (Doc. 6, Ex. 28).  However, on September 26, 2012, the

Ohio Court of Appeals dismissed the appeal because the decision petitioner sought to appeal was

not a final appealable order.  (Doc. 6, Ex. 29).  Petitioner filed a notice of appeal and motion for

a delayed appeal to the Ohio Supreme Court on December 3, 2012.  (Doc. 6, Ex. 30, 31).  The

Ohio Supreme Court denied the motion on January 23, 2013.  (Doc. 6, Ex. 32).

On October 9, 2012, the trial court resentenced petitioner to correct the post release

control notification.[1]  (Doc. 6, Ex. 37).

Petitioner filed a timely notice of appeal from the resentencing.  (Doc. 6, Ex. 38).  In his

merits brief, petitioner raised the following three assignments of error:

---

[1] The trial court also issued a *nunc pro tunc* entry correcting petitioner's jail time credit.  (Doc. 6, Ex. 36).

3

1. The trial court abused its discretion and committed plain error when the judge changed jail time credit from 4,648 days to 4,187 days total jail credit denying appellant's 14th Amend. U.S.C.A. Right to Equal Protection under the law.

2. The trial judge abused his discretion by sentencing the appellant while he was mentally incompetent which denies his substantive and procedural due process guarantees of the United States Constitution, Fourteenth Amendment.

3. A question of the common pleas court's jurisdiction to act can be raised at anytime, where that court lost jurisdiction over indictment after entry of a void sentence, the appellant is denied fundamental rights to speedy trial guaranteed via the 5th, 6th, 14th, Amendments U.S.C.A., in conjunction with statutory rights of appellant to speedy trial within (90) days of arrest, and through guilty plea waives right to speedy trial. Speedy time clock is not tolled by a void sentence, so common pleas court abused its discretion by not granting motion to dismiss indictment in violation to his fundamental right to liberty.

(Doc. 6, Ex. 39 at PageID 263). On August 26, 2013, the Ohio Court of Appeals affirmed in part and reversed in part the trial court's judgment. (Doc. 6, Ex. 42). The appeals court affirmed the judgment of the trial court with respect to second and third assignments of error. The matter was remanded to the trial court to reconsider the calculation of jail time credit.[2]

On September 27, 2013, petitioner filed a pro se notice of appeal to the Ohio Supreme Court. (Doc. 6, Ex. 44). In his memorandum in support of jurisdiction, petitioner raised as propositions of law the second and third assignments of error overruled by the Ohio Court of Appeals. (*See* Doc. 6, Ex. 45). On December 24, 2013, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (Doc. 6, Ex. 46).

On February 20, 2014, petitioner filed a pro se petition for a writ of certiorari with the Supreme Court of the United States. (Doc. 6, Ex. 47). Petitioner presented the following two questions for consideration by the Supreme Court:

---

[2] On October 18, 2013, the trial court issued a nunc pro tunc entry crediting petitioner with jail time credit. (Doc. 6, Ex. 48). Petitioner did not appeal from the trial court's order.

4

1. Does the trial judge abuse his discretion by sentencing the petitioner while he is mentally ill via <u>Pate v. Robinson</u>, 383 U.S. 375, 385-386, <u>Drope v. Mo.</u>, 420 U.S. 162, 178-83?

2. Can a question of the common pleas courts jurisdiction to act be raised at anytime, where that court lost jurisdiction over indictment after entry of void sentence?

(Doc. 6, Ex. 47).  On April 21, 2014, the Supreme Court denied the petition.  (Doc. 6, Ex. 63).

### First Federal Habeas Corpus Petition

Meanwhile, on December 31, 2011, petitioner filed a pro se petition for a writ of habeas corpus in this Court.  (Doc. 6, Ex. 49).  Petitioner alleged the following three grounds for relief in the petition:

GROUND ONE: Sentence contrary to law.

GROUND TWO: Ineffective assistance of counsel.

GROUND THREE: The appeals court denied me the right to due process and/or access to court.

(Doc. 6, Ex. 49).  The undersigned issued a Report and Recommendation finding that petition should be dismissed, as Grounds One and Two were time-barred and waived, and Ground Three was not cognizable and also waived.  (Doc. 6, Ex. 51).  On March 29, 2013, the Court adopted the Report and Recommendation and dismissed the petition.  (Doc. 6, Ex. 52, 53).

### Second Federal Habeas Corpus Petition

Petitioner filed the instant habeas corpus petition on February 19, 2014.  (Doc. 1).  He raises the following four grounds for relief:

**GROUND ONE**:  Petitioner's Common Pleas Judgment is Void for Lack of Subject-Matter Jurisdiction mandating redress via <u>FRANK V. MANGUM</u>, 237 U.S. 309, and the 5th, 6th, 14th Amends. U.S. Constitution.

5

Supporting facts: The Common Pleas Court sentenced petitioner to a void sentence on 6-11-2001.  On 5-23-2012 Petitioner filed a Motion to Dismiss his Indictment for Lack of Speedy Trial, since his attempted sentence was void he'd languished in prison over twelve years in violation of his Fundamental Rights to Speedy Trial and on void order of commitment in violation of BARKER V. WINGO,_U.S._ (Imprisonment over 2 years without Speedy Trial is presumed Prejudicial)  Further he suffers irreparable injury since his void sentence was not corrected prior to 12-23-2011 when STATE V. FISCHER. 128 Ohio St. 3d.92, removed Petitioner's right to DENOVO Hearing, and with it, his Statutory Right to Speedy Trial, thus his Indictment must be dismissed via BAKER V. WINGO.

**GROUND TWO**: The Petitioner has been denied his SIXTH Amendment Rights to Speedy Trial.

Supporting facts:  The Petitioner was sentenced to a void sentence on 6-11-2001, Sentence void for Court not sentencing him to Mandatory 5 year (PRC).  The Petitioner being a laymen of Law had no knowledge he was entitled to a complete trial via the SIXTH AMENDMENT within a reasonable time via BARKER V. WINGO___U.S.__, On 5-23-2012, Petitioner filed a motion via BARKER V. WINGO___U.S.__ and the SIXTH AMENDMENT Rights to Speedy Trial, this motion was denied after oral argument in Common Pleas Court.  Due to the lapse of 12 years without Speedy Trial Prejudice must be Presumed, and Actual Prejudice is seen here where the Ohio Law changed removing his right to DENOVO Hearing, therefore on the facts he could have asked for dismissal of Indictment at DENOVO Hearing.  So he is denied his SIXTH AMENDMENT Speedy Trial Rights.

**GROUND THREE**: The Common Pleas Court's Judgement is void for want of Subject-Matter Jurisdiction in violation of Petitioner's Fundamental Rights via 5th, 6th, and 14th Amends. U.S.C.A.

Supporting facts:  Because the Common Pleas Court on 6-11-2001 did not adhere to sentencing statutes conferring jurisdiction, the sentence is void.  So under Ohio Law 12 years later 10-9-2012 the Common Pleas Court lacked Jurisdiction to enter the new sentence per Ohio Crim.R.32(A) and case law NEAL V. MAXWELL, __ Ohio St.2d __ (If a court does not enter sentence within a reason time the Common Pleas Court loses Jurisdiction to enter sentence).

**GROUND FOUR**: The Petitioner is unconstitutional where as here he was sentenced while possibly incompetent or insane in violation of the 5th and 14th Amendments U.S.C.A.

6

Supporting facts: The Petitioner's State Court Record (Transcripts) supports the fact he made incompetent statements in open court prior to Sentencing 10-9-2012. Also, during the Twelve plus years he was imprisoned without being sentenced, he developed mental defects that lead to suicide attempts, and the need for Mental Health Treatments, these facts are contained in his (ODRC) prison medical/mental health records. The Petitioner was denied substantive and procedural due process of law here where the Trial Judge held no hearing or advised him of his right to insanity and competency evaluations, or hearings prior to sentencing, or his right to Counsel during compe[te]ncy and sanity evaluations and hearings thereon.

(Doc. 1, PageID 5–10 ).

Respondent has filed a return of writ in opposition to the petition. (Doc. 6).

On August 12, 2015, the undersigned ordered respondent to provide petitioner with a copy of the state court transcripts filed by respondent as Document 10 on the docket of the Court. Petitioner was granted thirty (30) days from the receipt of the transcripts to file any responsive pleading. (Doc. 14). Petitioner was provided with a copy of the transcripts on August 17, 2015. (*See* Doc. 15). To date, petitioner has not submitted a responsive pleading.

## II. ANALYSIS

### A. Grounds One through Three are successive

In Grounds One through Three, petitioner challenges his June 11, 2001 sentence in the Butler County Court of Common Pleas. However, as noted above, this is not the first federal habeas corpus petition filed by petitioner with this Court challenging his June 11, 2001 conviction and sentence. On December 31, 2011, petitioner filed his first petition for habeas corpus. (Doc. 6, Ex. 49). The Court denied the petition, finding petitioner's grounds for relief to be time-barred, not cognizable, and/or procedurally defaulted and waived.

7

Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition. In addition, the court must dismiss a claim presented in a second or successive petition, which the petitioner did not include in the prior petition, unless: (1)(a) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (b) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; and (2) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals. 28 U.S.C. § 2244(b)(3). The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above. *Id. See Magwood v. Patterson*, 561 U.S. 320, 330–31 (2010); *In re Cook,* 215 F.3d 606, 607 (6th Cir. 2000).

In this case, petitioner attacks the same conviction and sentence in Grounds One through Three that he challenged in his prior petition. The Court's decision denying the prior petition on the ground that his claims were procedurally defaulted constitutes an adjudication on the merits. *In re Cook,* 215 F.3d 606, 608 (6th Cir. 2000) (holding that dismissal of petition based on unexcused procedural default of claims in state court is considered "on the merits"); *O'Hara v. Timmerman-Cooper*, No. 1:10-cv-369, 2011 WL 926048, at *2 (S.D. Ohio Jan. 5, 2011) ("The Court's decision denying the prior petition on the ground that some claims were procedurally

8

defaulted and the others lacked merit constitutes an adjudication on the merits."). Petitioner has not demonstrated that his claims rely on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable or that the factual basis for these claims could not have been discovered previously through the exercise of due diligence. In such a case, the prisoner must obtain authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent habeas application. Therefore, with respect to Grounds One through Three, the instant petition is a second or successive petition within the meaning of 28 U.S.C. § 2244(b), and this Court lacks jurisdiction to consider it without petitioner's first obtaining authorization from the Sixth Circuit.

Petitioner argues that his petition is not successive because of the Ohio trial court's October 9, 2012 resentencing, which provided petitioner with the correct post release control notification. However, petitioner's claims in Grounds One through Three do not challenge the October 9, 2012 resentencing, but petitioner's original June 11, 2001 conviction and sentence.[3]

The Supreme Court has held that a habeas corpus petition is not successive and, therefore, § 2244(b) does not apply when it is the first application challenging a new judgment, such as a new sentence imposed on resentencing, that occurs between habeas proceedings. *See Magwood*, 561 U.S. at 331–39. The *Magwood* Court expressly refused to address whether the habeas petitioner is allowed to challenge "not only his resulting, *new* sentence, but also his original, *undisturbed* conviction" in the subsequent application. *Id.* at 342 (emphasis in original). However, as the Supreme Court went on to note in *Magwood*, 561 U.S. at 342 n.16, several courts, including the Sixth Circuit, have held that the subsequent application is permitted

---

[3] Because Ground Four of the petition pertains to petitioner's October 9, 2012 resentencing, the undersigned considers the merits of this claim below.

only to the extent that the petitioner complains of errors that "originated at resentencing" which could not have been addressed in the earlier petition. *See, e.g., Lang v. United States*, 474 F.3d 348, 351–53 (6th Cir. 2007) (and cases cited therein); *Ocampo v. United States*, No. 06-20172, 2014 WL 859841, at *3 (E.D. Mich. Mar. 5, 2014) (citing *Lang* and *Ajan v. United States*, 731 F.3d 629 (6th Cir. 2013)), *appeal dismissed*, No. 14-1335 (6th Cir. Apr. 21, 2014); *Barclay v. Tibbles*, No. 5:13cv124, 2014 WL 809197, at *5, *10 (N.D. Ohio Feb. 28, 2014); *Ellison v. Timmerman-Cooper*, No. 1:10cv595, 2011 WL 7946038, at *2 (S.D. Ohio Sept. 20, 2011) (Merz, M.J.) (Report & Recommendation), *adopted*, 2012 WL 1898629 (S.D. Ohio May 23, 2012) (Spiegel, J.); *see also Banks v. Bunting*, No. 5:13cv1472, 2013 WL 6579036, at *1, *5-7 (N.D. Ohio Dec. 13, 2013) (holding that the petitioner's claim that his "guilty plea was not voluntary and knowing because he was not properly advised regarding the post-release control portion of his sentence" was successive within the meaning of 28 U.S.C. § 2244(b) because the claim "attack[ed] the validity of his underlying conviction rather than any error that arose out of his resentencing hearing" limited to proper imposition of post-release control); *Askew v. Bradshaw*, No. 5:12cv131, 2013 WL 5279357, at *1, *9-11 (N.D. Ohio Sept. 18, 2013) (holding that a habeas petition was successive because the petitioner's claims amounted to an attack on the validity of the petitioner's original conviction and sentence and not his resentencing to the proper term of post-release control), *appeal filed*, No. 13-4171 (6th Cir. Oct. 7, 2013); *Myers v. Coleman*, No. 2:12cv975, 2013 WL 3984282, at *4-6 (S.D. Ohio Aug. 1, 2013) (Abel, M.J.) (Report & Recommendation) (concluding that two grounds for relief were successive because they related to the initial judgment of conviction, rather than petitioner's resentencing, and thus could have been raised in his prior habeas petition), *adopted as modified on other grounds*, 2013

10

WL 5441755, at *3-4 (S.D. Ohio Sept. 27, 2013) (Frost, J.).  Because petitioner's claims in

Grounds One through Three of the petition do not challenge errors originating at his

resentencing, the petition is successive with respect to these grounds for relief.

When a prisoner has filed a second or successive petition for habeas corpus relief in the

district court without first obtaining authorization from the Court of Appeals, the district court in

the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth

Circuit for consideration as required under § 2244(b)(3).  *See In re Sims,* 111 F.3d 45, 47 (6th

Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2d Cir. 1996)).  Accordingly, the

petition should be transferred to the Sixth Circuit.

### B.  Ground Four

In Ground Four of the petition, petitioner contends that he was sentenced "while possibly

incompetent or insane" during his October 2012 resentencing.  (Doc. 1, PageID 10).  Petitioner

raised this claim as an assignment of error on appeal from the resentencing.  The Ohio Court of

Appeals overruled the assignment of error, finding the claim without merit:

> {¶8}  In his second assignment of error, Quillen argues the trial court erred by
> resentencing him to the mandatory postrelease control term when he made
> "several incomprehensible statements" during his resentencing hearing indicating
> he was "not competent during those proceedings."  In support of this claim,
> Quillen points to the following discussion before the trial court:
>
>> [DEFENSE COUNSEL]: My client has some notes here and I've asked
>> him about it and he says that what the Court has told him up to this point
>> hasn't answered his questions.  The first is that he says he's unsure of why
>> he's actually in court today given the nature of the motions that he's filed
>> up to this point, it's my understanding; is that correct, Terrence?
>>
>> THE DEFENDANT: Yes; yes, it is.

{¶9} However, Quillen conveniently ignores the remainder of that same discussion, which included, in pertinent part, the following:

> THE COURT: I thought I answered that, but I'll do it again. He's here today for a resentencing on the portion of the sentencing entry which was in error, which was the portion of the sentencing entry regarding post-release control. * * * [Y]ou were placed on postrelease control for a period of up to five years, okay? That's wrong. The Judge should have told you that the mandatory—that the post-release control is five years and it's mandatory. It's not 'up to.' It's mandatory. So we're here today to correct that entry. That's the reason we're here today. Does that answer that question?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: Okay. Next question.
>
> [DEFENSE COUNSEL]: Your Honor, I think, I can kind of summarize this. **And when I said he didn't understand why he was in court today I don't think he's incompetent or anything,** I think his point is that— these are all his pro se motions, Your Honor, so if I'm summarizing them incorrectly, I'm sure he can tell me, but it's my client's position that he was never sentenced to begin with correctly, and that his sentence is void and that he can't be resentenced upon that void sentence. Is that your—
>
> THE DEFENDANT: Yes.
>
> (Emphasis added.)

{¶10} Quillen then went on to personally address the trial court regarding his position that the court lacked subject matter jurisdiction to proceed, as well as challenges to his speedy trial and due process rights. This included several citations to United States Supreme Court decisions that he claimed supported his argument for dismissal.

{¶11} As can be seen, when taken in its entirety, there is simply nothing in the record that suggests Quillen was incompetent during his resentencing hearing. *See* R.C. 2945.37(B); *see also State v. Rodriguez*, 12th Dist. Butler No. CA2008–07–162, 2009–Ohio–4460, ¶ 50; *State v. Marks*, 8th Dist. Cuyahoga No. 92548, 2009–Ohio–6306, ¶ 26. To suggest otherwise is nothing more than a mischaracterization of the record before this court. The trial court, therefore, did not err by resentencing Quillen to correctly notify him of his mandatory five-year post release control term without further inquiry as there was nothing to suggest

12

he lacked the necessary competency to proceed. *See, e.g., State v. Burns*, 12th Dist. Butler Nos. CA2004–07–084 and CA2004–10–126, 2005–Ohio–5290, ¶ 34–40 (affirming trial court's decision denying request for competency hearing following guilty plea where there was no indicia of incompetence or good cause shown that would have entitled appellant to a competency hearing prior to sentencing). Accordingly, as there was nothing to suggest Quillen lacked the necessary competency, Quillen's second assignment of error is overruled.

(Doc. 6, Ex. 42, PageID 322–23).

After review of the record in this case, the undersigned finds that the Ohio Court of Appeals reasonably determined that petitioner's claim was without merit. As noted by the Ohio appeals court, the transcript of the resentencing provides no indication that petitioner was incompetent during his resentencing. During the hearing, petitioner indicated that he understood that his post-release control would be mandatory for five years and not up to five years, as originally indicated. (Doc. 10, Resentencing Trans. at PageID 580–81). He further affirmed that he understood the process for appealing the trial court's resentencing and that counsel could be provided for him if he could not afford counsel. (*Id.* at 582). Notably, petitioner's attorney also stated that he did not believe petitioner was incompetent during the hearing. (*Id.* at 574). Based on a review of the resentencing transcript, the undersigned finds that the Ohio Court of Appeals reasonably determined that petitioner's claim was without merit. Therefore, petitioner is not entitled to habeas relief with regard to Ground Four of the petition.[4]

---

[4] In reaching this conclusion the Court notes that petitioner cannot support his claim with his Ohio Department of Rehabilitation and Corrections mental health records, as these records were not considered by the Ohio Court of Appeals in denying his assignment of error. In the supporting facts of Ground Four petitioner claims that "during the [t]welve plus years he was imprisoned without being sentenced, he developed mental defects that lead to suicide attempts, and the need for Mental Health Treatments, these facts are contained in his (ODRC) prison medical/mental health records." (Doc. 1, PageID 10). However, this Court is not permitted to consider evidence outside the state-court record in assessing, under the applicable the standard of review set forth in 28 U.S.C. § 2254(d), whether the state courts' rulings were contrary to or involved an unreasonable application of clearly-established Supreme Court precedents, or were based on an unreasonable determination of the facts. *See Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011); *see also Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir.), *cert. denied*, 133 S.Ct.

13

Accordingly, in sum, the Court finds that petitioner's habeas petition is successive with respect to the claims raised in Grounds One through Three of the petition. These claims should be transferred to the Sixth Circuit as required under § 2244(b)(3). Having found that Ground Four of the petition is without merit, the petition should be denied with respect to this ground for relief.

## IT IS THEREFORE RECOMMENDED THAT:

1.  With respect to Grounds One through Three of the petition, the petition for a writ of habeas corpus (Doc. 1) be **TRANSFERRED** pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Sixth Circuit for consideration whether the district court may review the petition in accordance with 28 U.S.C. § 2244(b).

2. The petition (Doc. 1) be **DENIED** with prejudice with respect to Ground Four of the petition.

3. A certificate of appealability should not issue with respect to the claims alleged in the petition, which have been addressed on the merits herein, because petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)). *See also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

4. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting

---

141 (2012); *Robinson v. Howes,* 663 F.3d 819, 823 (6th Cir. 2011); *Sheppard v. Bagley,* 657 F.3d 338, 343-44 (6th Cir. 2011). *Cf. Barton v. Warden, Southern Ohio Corr. Facility*, No. 1:09cv353, 2011 WL 2293225, at *4-5 (S.D. Ohio June 8, 2011) (Merz, M.J.) (vacating order granting an evidentiary hearing in a § 2254 habeas case in light of *Pinholster*).

14

this Report and Recommendation would not be taken in "good faith," and, therefore, should

**DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See*

Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date: _10/23/15_

Karen L. Litkovitz
United States Magistrate Judge

15

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

TERRANCE QUILLEN,                                    Case No. 1:14-cv-170
        Petitioner,

                                                     Barrett, J.
    vs.                                              Litkovitz, M.J.

WARDEN, MARION
CORRECTIONAL INSTITUTION,
        Respondent.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140

(1985)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).